Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

CIVIL ACTION No. 0:08-CV-084-HRW

HEATHER LYNN JONES                                                                                    PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

KEITH (LAST NAME UNKNOWN) and
    RANDY BINION                                                                                  DEFENDANTS

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Heather Lynn Jones was incarcerated in the Kentucky Correctional Psychiatric Center, in LaGrange, Kentucky, when she submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Her Motion to Proceed *in forma pauperis*, has been granted in a previous Order.

The Complaint is now before the Court for screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

**CLAIMS**

Plaintiff claims that the Defendant named Keith, an employee at the Carter County Detention Center ("CCDC"), where she was previously kept as a pre-trial detainee, repeatedly sexually assaulted her and others in 2007, in violation of her rights under the Fourth, Eighth, and Thirteenth Amendments to the U.S. Constitution.

### DEFENDANTS

As the two Defendants, the Plaintiff has named the man known to her only as Keith, a CCDC maintenance officer; and the CCDC Jailer, Randy Binion

### RELIEF REQUESTED

Plaintiff seeks damages.

### FACTUAL ALLEGATIONS

Plaintiff complains of events which purportedly took place in her CCDC cell in April, May and June of 2007. Her allegations consist of the following, in their entirety:

> . . . Keith (last name unknown) put his hands up my shirt and down my pants, often. He also put his fingers inside me. During these times I felt extremely fearful for my life, violated, embarrassed and ashamed. I also felt angry but powerless at the same time. Fear overrode all else. The excuses Keith would use to come into my pod area was "stopped up sink", and "problems with the shower". Also, I was not the only female inmate that Keith did these things to.
> I did not feel safe enough to report these incidents until I was transferred to the Kentucky correctional Psychiatric Center in LaGrange. The doctors at KCPC made a full report, a request for an extension, and a request for me to not be returned to Carter Co. Det. Center for my own safety.

Record No. 2 at 2.

On that portion of the complaint form specifically asking, "If you did not file a grievance, why not?," the instant Plaintiff has typed, "Afraid for my life; My accusers brother in law was the head jailer. I reported the incident to KCPC staff when I was transferred there . . . ." *Id.* at 6.

According to the Plaintiff's most recently-filed pleadings, she has been returned to the

CCDC.

### DISCUSSION

After consideration of the allegations, the Court will direct that summons issue to each of the Defendants, although one is only partially identified. Plaintiff is advised of Federal Rule of Civil Procedure 4, which provides in pertinent part as follows:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed.R.Civ.P. 4(m)(2007). Plaintiff Jones is on notice that if any unidentified John Doe defendants are not properly named and served within the next 120 days, then the claims against said named defendant or John Doe defendants may be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

Finally, because Plaintiff was granted pauper status, based on the information in her recent affidavit, an Officer of the Court will serve process on her behalf. *See* FED. R. CIV. P. 4(c)(2) and 28 U.S.C. § 1915(d).

Accordingly, the **COURT ORDERS** as follows:

1.  The Clerk in the divisional office in which the case lies shall prepare and issue two (2) summons forms, one for the CCDC maintenance officer whose first name is Keith and the other for Jailer Randy Binion, both at the Carter County Detention Center, in Grayson, Kentucky.

2.  The Clerk shall also prepare as many copies of the Complaint [Record No. 2] as there are summonses, an equal number of copies of the instant Order, and any required United States Marshals ("USM") Forms 285 or other documents necessary to effectuate service. If insufficient

information exists to sufficiently or effectively complete any summons or other forms regarding any Defendant, the Clerk shall promptly make a Clerk's entry on the docket stating the reason that the Clerk cannot fill out the summons or USM Form 285 or any other document.

3. After the Clerk's office has prepared the summonses, USM Forms 285, Complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall send said documents to the USM Office in Lexington, Kentucky.

4. The Clerk shall docket the mailing or other means of delivery of the above-described documents to the USM into the instant record.

5. The United States Marshal shall serve a summons, Complaint copy, and copy of this Order on each Defendant and shall do so by certified mail, return receipt requested, or by personal service, at the choice of the USM.

6. The USM Office is responsible for ensuring that each Defendant is successfully served with process. In the event that an attempt at service upon any Defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

7. Within forty (40) days of the date of entry of this Order, the United States Marshal shall make a Return Report to the Court of whether each the summons is executed or is still unexecuted.

    a. For each Defendant served by certified mail, the Service Report shall include:
        i. a copy of the green card showing proof of service; or
        ii. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.
    b. For each Defendant personally served, the Service Report shall indicate:
        i. that the defendant was successfully served personally, or
        ii. a statement explaining what efforts are being taken to locate the defendant

and accomplish personal service.

8. The Plaintiff shall keep the Clerk of the Court informed of her current mailing address. *Failure to promptly notify the Clerk of any address change may result in the dismissal of this case.*

9. For every further pleading or other document she wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. *The Court will disregard any notice or motion which does not include this certification.*

10. The Plaintiff is advised that she must communicate with the Court *solely* through notices or motions filed with the Clerk's Office. *The Court will disregard correspondence sent directly to a judge or magistrate judge*.

This August 27, 2008.

Signed By:
Henry R Wilhoit Jr.
United States District Judge